**FILED**

**JUNE 16, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In re:

Jay Klinske et al,

        Plaintiff(s),

    v.

Ameriquest Mortgage Company, et al.

        Defendant(s).

CASE NO.   08-11388
JUDGE    Paul V Gadola

I hereby certify that the foregoing is a true copy of the original on file in this

**NOTICE OF MULTI DISTRICT LITIGATION TRANSFER**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
By _____
        Deputy

TO:  U S. District Court
     Northern District of Illinois
     219 S. Dearborn Street, 20th Floor
     Chicago, IL 80604

The above entitled case has been transferred to your Court pursuant to a

CONDITIONAL TRANSFER ORDER . A certified copy of the docket and the transfer order are

enclosed for consolidation with your Multi District Litigation 1715. The remainder of the docket

entries are available using Pacer.

Please acknowledge receipt of these documents by returning a time-stamped copy of this

notice.

**NOTICE TO LITIGANTS**

Please take notice that the above case has been transferred to the above named Court

for inclusion in MULTI DISTRICT LITIGATION 1715. Please file all future documents with the

court listed above.

DAVID J. WEAVER, CLERK OF COURT

Date: June 16, 2008        By_____s/Sarah Schoenherr_____
                            Deputy Clerk

**CERTIFICATION**

I hereby certify that this Notice was served on the parties and/or counsel of

record.

DAVID J. WEAVER, CLERK OF COURT
Date: June 16, 2008        By_____s/Sarah Schoenherr_____
                            Deputy Clerk

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUN - 9 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**F I L E D**

JUN 1 1 2008

CLERK'S OFFICE
DETROIT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 2 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

FILED: JUNE 9, 2008
08CV3326
JUDGE ASPEN

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**

Jay Klinske, et al. v. Ameriquest Mortgage Co., et al.,  )
E.D. Michigan, C.A. No. 4:08-11388 - 08CV3326  )

MDL No. 1715

## CONDITIONAL TRANSFER ORDER (CTO-44)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court
for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to
28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 317 additional actions
have been transferred to the Northern District of Illinois. With the consent of that court, all such
actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the action on this conditional transfer order involves questions of fact that are
common to the actions previously transferred to the Northern District of Illinois and assigned to
Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199
F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Northern District
of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that
court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States
District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall
be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of
the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**A CERTIFIED TRUE COPY**

JUN - 9 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By s/ WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS

DATE: JUNE 10, 2008

CLOSED, reassigned

## U.S. District Court
## Eastern District of Michigan (Flint)
## CIVIL DOCKET FOR CASE #: 4:08-cv-11388-PVG-DAS
## Internal Use Only

Klinske et al v. Ameriquest Mortgage Company et al CASE
TRANSFERRED
Assigned to: District Judge Paul V Gadola
      Magistrate Judge Donald A Scheer
Cause: No cause code entered

Date Filed: 04/01/2008
Date Terminated: 06/11/2008
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: Federal Question

### Plaintiff

### Jay Klinske

I hereby certify that the foregoing is a
true copy of the original on file in this
Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
By _____
    Deputy

represented by **D. Richard Black**
D. Richard Black Assoc.
283 Howard Avenue
Holland, MI 49424
616-396-3998
Email: black-law@comcast.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Hall**
283 Howard Avenue
Holland, Mi 49424
616-396-3998
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Plaintiff

### Cynthia Lee Klinske

represented by **D. Richard Black**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David M. Hall**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

### Ameriquest Mortgage Company

represented by **David A. Breuch**

*also known as*
AMC Mortgage Services

Clark Hill (Detroit)
500 Woodward Avenue
Suite 3500
Detroit, MI 48226-3435
313-965-8300
Email: dbreuch@clarkhill.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deutsche Bank National Trust
Company**
*Trustee of Ameriquest Mortgage
Securities, Incorporated*

represented by **David A. Breuch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1-5*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/01/2008 | ☑ 1 | COMPLAINT filed by Jay Klinske, Cynthia Lee Klinske against all defendants Receipt No: 6955AA - Fee: $ 350. (DHam) (Entered: 04/04/2008) |
| 05/16/2008 | ☑ 2 | ATTORNEY APPEARANCE: David A. Breuch appearing on behalf of Ameriquest Mortgage Company, Deutsche Bank National Trust Company (Breuch, David) (Entered: 05/16/2008) |
| 05/16/2008 | ☑ 3 | ANSWER to Complaint with Affirmative Defenses by Ameriquest Mortgage Company, Deutsche Bank National Trust Company. (Breuch, David) (Entered: 05/16/2008) |
| 05/19/2008 | ☑ 4 | ORDER of DISQUALIFICATION and REASSIGNING CASE from District Judge David M Lawson iu Detroit to District Judge Paul V Gadola iu Flint. Signed by District Judge David M Lawson. (SSch) (Entered: 05/19/2008) |
| 05/21/2008 | ☑ 5 | STATEMENT of DISCLOSURE of CORPORATE AFFILIATIONS and FINANCIAL INTEREST by Ameriquest Mortgage Company, Deutsche Bank National Trust Company (Breuch, David) (Entered: 05/21/2008) |
| 06/11/2008 | ☑ 7 | MDL Certified Transfer Order (CTO-44) To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 06/16/2008) |
| 06/13/2008 | ☑ 6 | [Informational Copy] MDL Non-Certified Transfer Order (CTO-44) To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 06/16/2008) |
| 06/16/2008 | ☑ 8 | NOTICE of Transfer to the Northern District of Illinois for MDL 1715. (SSch) (Entered: 06/16/2008) |
| 06/16/2008 | ☑ | Case transferred te Northern District of Illinois. Original file and docket sheet sent. (SSro) (Entered: 06/16/2008) |

6955AA

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * * * * * * * * * *

JAY KLINSKE and CYNTHIA LEE KLINSKE

        Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
A Foreign Corporation, Mortgagee,
a/k/a AMC MORTGAGE SERVICES, DEUTSCHE
BANK NATIONAL TRUST COMPANY, as Trustee
of AMERIQUEST MORTGAGE SECURITIES,
INC. and DOES 1-5

        Defendants.

_____/

Case: 2:08-cv-11388
Judge: Lawson, David M
MJ: Scheer, Donald A
Filed: 04-01-2008 At 04:16 PM
CMP JAY KLINSKE, ET AL V AMERIQUEST
MORTGAGE COMPANY, ET AL (DSE)

**JURY DEMANDED**

D. Richard Black (P25773)
David M. Hall (P14544)
DAVID HALL & ASSOCIATES, P.C.
LAW OFFICE OF D. RICHARD BLACK
Attorney for Plaintiffs
283 Howard Avenue
Holland, MI 49424
(616) 396-3998

## **COMPLAINT**

    NOW COME Plaintiffs, by and through their counsel, D. Richard Black and
David M. Hall, and as their Complaint against Defendants state as follows:

### **INTRODUCTION**

    Plaintiffs, Jay Klinske and Cynthia Lee Klinske, bring this action against a
"subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the
Truth In Lending Act, 15 USC Section 1601, et seq. ("TILA"), and implementing Federal
Reserve Board Regulation Z, 12 CFR part 226, and to recover damages under state law.

1

## JURISDICTION AND VENUE

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. Section 1331.

## SUMMARY OF CLAIMS

This claim arises from real estate loan transactions resulting in a mortgage upon Plaintiffs' home which is located in Genesee County, Michigan. The Plaintiffs assert claims against Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601, et seq. The Plaintiffs allege that AMC, the originator of the Plaintiffs' loan, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiffs have retained their right to cancel the transaction. The Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. The Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, attorney's fees and costs. Deutsche is the assignee of the loan and is liable to the Plaintiffs pursuant to 15 U.S.C. Section 1641 (c).

## PARTIES

1. Plaintiffs own and reside in a home located at 14041 Duffield Road, Byron, Argentine Township, Michigan.

2. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

3. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

4. At all times pertinent hereto, Defendant Ameriquest Mortgage Company made more than 26 loans per year.

2

5.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

6.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

7.     Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

8.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

9.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868.

10.     Defendant Deutsche Bank National Trust Company (Deutsche) is a citizen of the state of California. Deutsche does business in this district by making, holding and/or selling mortgage loans secured by residential property within this district.

11.     In the event Ameriquest Mortgage Securities, Inc., does not own Plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Defendant Does 1-5.

## FACTUAL ALLEGATIONS

12.     Prior to April 6, 2006, Plaintiffs applied for a re-finance loan with Ameriquest Mortgage Company for purposes of paying off an existing mortgage and credit card bills.

13.     Plaintiffs needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

3

14.     The terms of the loan applied for by Plaintiffs were unilaterally modified by Ameriquest Mortgage Company without the consent of Plaintiffs.

15.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

16.     By written notice on or about March 26, 2008, the Defendants were notified in writing of the intent of the Plaintiffs to file this lawsuit seeking damages as victims of predatory lending practices; said written notice dated March 26, 2008, is hereby incorporated by reference herein.

17.     The home of the Plaintiffs has been subjected to foreclosure with a sale date of May 4, 2007.

18.     On information and belief, Ameriquest Mortgage Securities, Inc. owns Plaintiffs' loan.

19.     The Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. Section 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiffs' loan.

20.     Pursuant to 15 U.S.C. Section 1635 (a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA 15 U.S.C. Section 1635 (a). Section 1635 (a) requires that *each borrower* receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. Section 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. Section 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. Section 1635 (f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. Section 1641(c).

21.     A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's

4

place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R Section 226.23 (a)(2).

22.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. Section 1635(b).

23.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. Section 1635 (b), 12 C.F.R. Section 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. Section 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

24.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The Plaintiffs only received two form notices, with one blank, unsigned and not dated and the other one was incorrectly dated and unsigned. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

25.     Furthermore, AMC included in its closing papers a document purporting to grant a "One Week Cancellation Period". That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was delivered unsigned.

26.     Pursuant to TILA, Section 15 U.S.C. Section 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

27.     The Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. Section 1635. AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

28.     AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

29.     Plaintiffs, at all material times, resided at 14041 Duffield Road, Byron, Argentine Township, Michigan.

30.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

32.     Additionally, Plaintiffs' loan documents with Ameriquest contained one or more of the following unfavorable terms: (a) misleading charge for "discount points" or a "discount fee" of $6724.88 which was added to the principal of the loan, although Ameriquest provided no "discount" to the interest rate; (b) prepayment penalty that hindered Plaintiffs from refinancing on better terms with other lenders; and (c) duplicative and excessive costs and closing fees in amounts designed to strip home equity and prevent Plaintiffs from refinancing without incurring high costs, (d) promising Plaintiffs a fixed rate loan at 6.5%, but unilaterally changing the terms of the loan to an ARM without Plaintiff's knowledge or consent.

33.     Ameriquest knowingly and actively misled Plaintiffs by:

    (A)     Engaging in a scheme that as by it nature and design "self-concealing";

    (B)     Knowingly and actively mischaracterizing and misrepresenting, inter alia, actual amounts paid for abstracts, title search, title examinations, notary fees, endorsement fees, title insurance, and recording charges such that such non-bona fide and illegal charges were wrongfully excluded from the Finance Charges and Amount Financed used to calculate the Annual Percentage Rate ("APR"),

6

thereby materially misrepresenting these disclosures as well as materially understating the APR;

(C)    Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APR's on the TILA Disclosure Statements provided to Plaintiffs, by, among other things, failing to include in its calculations all of the required disclosures that were not bona fide, reasonable, lawful and/or not paid to true third parties.

## COUNT I

## TILA VIOLATIONS

34.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

35.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. section 1635.

36.    Defendant Deutsche is liable to the Plaintiffs pursuant to 15 U.S.C. Section 1641 (c).

Defendants have violated TILA, with respect to the AMC loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by U.S.C. section 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff if connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEEFORE, Plaintiffs respectfully request that this Court enter judgement against Defendants and in their favor, and pursuant to 15 U.S.C. Section 1640 (a), award the following relief:

(A)    Statutory damages as provided in 15 U.S.C. Section 1640 (a);

(B)    Actual damages in an amount to be determined at trial;

(C)    Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

(D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

(E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

(F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring that Defendants accept tender on reasonable terms and over a reasonable period of time;

(G)     An award of reasonable attorney fees and costs; and

(H)     Such other relief at law or equity as this Court may deem just and proper.

## COUNT II
## WRONGFUL FORECLOSURE

37.     Plaintiffs reallege all of the allegations contained in the above paragraphs as though fully restated herein.

38.     Defendants, above-described actions in scheduling and attempting to foreclose and purportedly foreclosing on Plaintiffs' home on May 4, 2007, when there existed no legal right to do so constitutes wrongful foreclosure.

39.     Plaintiffs have, and continue to suffer extreme mental anguish, emotional distress and fear of losing their home as a result of Defendants' wrongful actions.

40.     The acts of Defendants were willful, intentional, designed to and did inflict emotional distress on the Plaintiffs.

41.     Plaintiffs have been humiliated and embarrassed.

WHEREFORE, Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## FRAUD

42.     Plaintiffs reallege all of the allegations contained in the above paragraphs as though fully restated herein.

43.     This is a count against Ameriquest only.

44.     Ameriquest made numerous false and fraudulent representations to Plaintiffs regarding the loan transaction complained of herein.

45.     Ameriquest intended that Plaintiffs rely on said representations.

46.     Plaintiffs did rely, to their detriment, on said representations and entered into the loan transaction under the conditions stated above.

47.     Among the false representations are:

(A)     That Plaintiffs received a discount on their interest rate in exchange for a payment of a "loan discount" fee of $6724.88;

(B)     That Plaintiffs were receiving a 30 year fixed term mortgage at 6.5%;

(C)     That the closing costs and fees Plaintiffs paid in connection were bona fide and reasonable;

(D)     That Plaintiffs had to pay the loan and did not have a right to rescind the loan;

(E)     Other misrepresentations mentioned in the paragraphs above;

(F)     Other misrepresentations not specifically mentioned herein.

WHEREFORE, Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

Dated:  3/26/08

D. Richard Black (P25773)
Attorney for Plaintiffs

Dated:  3/26/2008

David M. Hall (P14544)
Attorney for Plaintiffs

## JURY DEMAND

NOW COME Plaintiffs, by and through their counsel, and demand trial by jury in this matter.

Dated: 3-26-08

D. Richard Black (P25773)
Attorney for Plaintiffs

Dated: 3-26-2008

David M. Hall (P14544)
Attorney for Plaintiffs

# CIVIL COVER SHEET

...et and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as ...es of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose ...ivil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

County in which this action arose: GENESEE

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JAY KLINSKE AND CYNTHIA LEE KLINSKE | Ameriquest Mortgage Company, a foreign corporation, a/k/a AMC Mortgage Services, Deutsche Bank National Trust Company, Trustee of Ameriquest Mortgage Services Does 1-5 |

(b) County of Residence of First Listed Plaintiff **GENESEE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **ORANGE**
(IN U.S. PLAINTIFF CASES ONLY)

(c) Attorney's (Firm Name, Address, and Telephone Number) **D. Richard Black, David M. Hall, 283 Howard Avenue, Holland, MI 49424  616-396-3998**

Case: 2:08-cv-11388
Judge: Lawson, David M
MJ: Scheer, Donald A
Filed: 04-01-2008 At 04:16 PM
CMP JAY KLINSKE, ET AL V AMERIQUEST
MORTGAGE COMPANY, ET AL (DSE)

## II. BASIS OF JURISDICTION (Select One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITI... (For Diversity Cases Only)

and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

890

## V. ORIGIN (Select One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 USC 1601, ET SEQ (TILA)**

Brief description of cause:
**SUB PRIME LENDING FRAUD**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ___

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE **03/26/2008**

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

## TO LOCAL RULE 83.11

Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAY KLINSKE and CYNTHIA KLINSKE,

        Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
a foreign corporation, Mortgagee
a/k/a AMC MORTGAGE SERVICES, DEUTSCHE
BANK NATIONAL TRUST COMPANY, as Trustee
of AMERIQUEST MORTGAGE SECURITIES,
INC. and DOES 1-5,

        Defendants.

Case No. 08-cv-11388
Hon. David M. Lawson

---

| | |
|---|---|
| D. Richard Black (P25773)<br>David M. Hall (P14544)<br>DAVID M. HALL & ASSOCIATES, P.C.<br>LAW OFFICE OF D. RICHARD BLACK<br>283 Howard Avenue<br>Holland, MI 49424<br>(616) 396-3998 | David A. Breuch (P45368)<br>CLARK HILL PLC<br>500 Woodward Avenue, Suite 3500<br>Detroit, MI 48226-3435<br>(313) 965-8300<br>Attorneys for Defendants Ameriquest<br>Mortgage Company, AMC Mortgage Services,<br>Inc., and Deutsche Bank National Trust<br>Company as Trustee of Ameriquest Mortgage<br>Securities, Inc. |

---

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

    Defendants Ameriquest Mortgage Company ("Ameriquest"), AMC Mortgage Services,

Inc. ("AMC"), Deutsche Bank National Trust Company, as Trustee of Ameriquest Mortgage

Securities , Inc. (collectively, "Defendants"), and for their Answer to Plaintiffs' Complaint, state

as follows:

## INTRODUCTION

Defendants admits that Plaintiffs bring this lawsuit pursuant to the Truth in Lending Act, 15 U.S.C. 1601, *et seq.* ("TILA"). Further answering, Defendants deny liability to Plaintiffs under TILA, Regulation Z, or any other law with respect to the residential mortgage transaction at issue.

## JURISDICTION AND VENUE

Admitted.

## SUMMARY OF CLAIMS

Defendants admits that Plaintiffs bring this lawsuit pursuant to the Truth in Lending Act, 15 U.S.C. 1601, *et seq.* ("TILA"). Further answering, Defendants deny liability to Plaintiffs under TILA, Regulation Z, or any other law with respect to the residential mortgage transaction at issue. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## PARTIES

1.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.      Defendants admit that Ameriquest is a Delaware corporation; however Ameriquest is no longer operating in the state of Michigan. Ameriquest closed all of its retail branches in Michigan in May 2006, surrendered its licenses to originate loans in the state in September 2007, has no employees, and is being wound down. Ameriquest admits that its agent for service of process in the state is National Registered Agents, Inc.

2

3.    Defendants admit that Ameriquest Mortgage Company was engaged in the business of originating mortgages, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny them.

4.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph due to the lack of clarity as to the time in question.

5.    Admitted with respect to Plaintiffs' residential mortgage loan.

6.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7.    Defendants admit that AMC Mortgage Services is a foreign corporation. Defendants deny that AMC Mortgage Services presently does business in Michigan. AMC Mortgage Services surrendered its licenses in September 2007. AMC Mortgage Services admits that its agent for service of process is National Registered Agents.

8.    Defendants admit that AMC Mortgage Services is associated with Ameriquest by way of common ownership.  Defendants deny that AMC Mortgage Services currently services loans originated by Ameriquest.

9.    Defendants aver that Ameriquest Mortgage Securities, Inc. is not a proper defendant. Ameriquest Mortgage Securities, Inc. is a subsidiary of Ameriquest Mortgage Company; it has no function other than to serve as a bankruptcy-remote, structured investment vehicle ("SIV") that was utilized as part of securitization transactions when Ameriquest was originating loans prior to shutting down operations. Defendants deny that Ameriquest Mortgage Securities, Inc. holds title to loans originated by Ameriquest Mortgage Company.  Ameriquest Mortgage Securities had no connection with Plaintiffs loan.  In June 2006, the Ameriquest sold

3

the Klinske loan to Deutsche Bank National Trust Company, Trustee, in trust for the Registered

Holders of Argent Mortgage Securities, Inc., Asset-Backed, Pass-Through Certificates, Series

2006-M1. The loan servicer and agent for the current note holder is Citi Residential Lending,

Inc.

       10.    Defendants admit that Deutsche Bank National Trust Company is a national

banking association organized under the laws of the United States with its main offices in Los

Angeles, California. (See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303 (2006) for jurisdiction

purposes, Deutsche Bank is located in Los Angeles). Defendants lack knowledge and

information sufficient to form a belief as to the truth that Deutsche Bank has made, held or sold

mortgage loans in this judicial district. Defendants aver that Deutsche Bank National Trust

Company, as Trustee, is the trustee of various securitizations that contain pools of loans, some of

which have originated in the judicial district.

       11.    Defendants lack knowledge and information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

       12.    Defendants admit that Plaintiffs applied to Ameriquest for a residential mortgage

loan.

       13.    Defendants lack knowledge and information sufficient to form a belief as to the

truth of the allegations contained in this paragraph.

       14.    Defendants deny the allegations contained in this paragraph for the reason that

they are untrue.

       15.    Denied, in part. Plaintiffs were informed who the servicer of the loan was in the

RESPA Servicing Disclosure the Plaintiffs received at closing.

4

16.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

17.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18.     Denied. As of August 31, 2007, the latest date available to Defendant Ameriquest, the owner of the note was Deutsche Bank National Trust Company, Trustee, in trust for the Registered Holders of Argent Mortgage Securities, Inc., Asset-Backed, Pass-Through Certificates, Series 2006-M1.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.  Responding further, the referenced statutes and code sections speak for themselves.  Defendants do not admit the accuracy of Plaintiffs' recitation of those provisions.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.  Responding further, the referenced statutes and code sections speak for themselves.  Defendants do not admit the accuracy of Plaintiffs' recitation of those provisions.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.  Responding further, the referenced statutes and code sections speak for themselves.  Defendants do not admit the accuracy of Plaintiffs' recitation of those provisions.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.  Responding further,

5597712.1 07022/122380

the referenced statutes and code sections speak for themselves. Defendants do not admit the accuracy of Plaintiffs' recitation of those provisions.

 23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them. Responding further, the referenced statutes and code sections speak for themselves. Defendants do not admit the accuracy of Plaintiffs' recitation of those provisions.

 24. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to and otherwise deny the allegations of this paragraph.

 25. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to. Defendants admit that Plaintiffs' were provided with a One Week Cancellation Period notice at closing. Defendants deny the remaining allegations of this paragraph for the reason that they are untrue.

 26. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to and otherwise deny the allegations contained in this paragraph because Plaintiffs' rights of rescission have expired.

 27. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to and otherwise deny the allegations contained in this paragraph because Plaintiffs' rights of rescission have expired.

 28. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to and therefore deny the allegations contained in this paragraph

 29. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

6

30. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. Defendants lack knowledge as to which party the acronym "AMC" is intended to refer to and therefore deny the allegations contained in this paragraph.

32. Defendants admit that the terms and conditions of the loan are contained in the transactional documents and otherwise speak for themselves. Defendants otherwise deny the assertions of wrongdoing contained in this paragraph.

33. Defendants deny the allegations of this paragraph for the reason that they are untrue.

## COUNT I

## TILA VIOLATIONS

34. Defendants incorporate by reference paragraph 1 through 33 as if fully set forth herein.

35. Defendants deny the allegations of this paragraph for the reason that they are untrue.

36. Defendants deny the allegations of this paragraph for the reason that they are untrue.

WHEREFORE, Defendants respectfully requests that this Court enter an Order (i) dismissing the Complaint or awarding Defendants judgment thereon, (ii) awarding Defendants their costs and attorney fees wrongfully incurred in defending this action, and (iii) granting such other and further relief as justice and fairness require.

5597712.1 07022/122380

## COUNT II

## WRONGFUL FORECLOSURE

37.     Defendants incorporate by reference paragraph 1 through 36 as if fully set forth herein.

38.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

39.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

40.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

41.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

WHEREFORE, Defendants respectfully requests that this Court enter an Order (i) dismissing the Complaint or awarding Defendants judgment thereon, (ii) awarding Defendants their costs and attorney fees wrongfully incurred in defending this action, and (iii) granting such other and further relief as justice and fairness require.

## COUNT III

## FRAUD

42.     Defendants incorporate by reference paragraph 1 through 41 as if fully set forth herein.

43.     No response required.

44.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

5597712.1 07022/122380

45.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

46.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

47.     Defendants deny the allegations of this paragraph for the reason that they are untrue.

WHEREFORE, Defendants respectfully requests that this Court enter an Order (i) dismissing the Complaint or awarding Defendants judgment thereon, (ii) awarding Defendants their costs and attorney fees wrongfully incurred in defending this action, and (iii) granting such other and further relief as justice and fairness require.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claims are barred in whole or in part for failure to state a claim.

2.      Plaintiffs' claims are barred in whole or in part by the applicable statute of frauds.

3.      Plaintiffs' claims are barred by the doctrine of unclean hands.

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

5.      Plaintiffs' claims are barred, in whole or in part, by the integration clauses contained in the parties' transactional documents.

6.      Plaintiffs are not entitled to rescind the mortgage loan under TILA, or to obtain any statutory damages, because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

9

7. Plaintiffs are not entitled to rescind the mortgage under TILA, or to obtain any statutory damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

8. Plaintiffs' claims under TILA are barred because if a violation occurred, it was unintentional and/or constituted a bona fide error notwithstanding maintenance of procedures that are reasonably adapted to avoid such error, pursuant to 15 U.S.C. § 1640(c).

9. Plaintiffs' claims are barred for want of causation.

10. Plaintiffs' claims are barred, in whole or in part, by a failure to mitigate damages, if any.

11. Plaintiffs' claims are barred, in whole or in part, by prior breach.

12. Plaintiffs' claims are barred by the applicable statute of limitations.

13. Plaintiffs' claims are barred by payment and release.

14. Plaintiffs' claims are barred by want of reasonable reliance.

15. Plaintiffs' claims are barred by a failure to plead fraud with particularity.

16. Plaintiffs' claims are barred because the injuries allegedly suffered were the result of negligent or fraudulent acts of other parties.

17. Plaintiffs' claims are barred from recovery as a result of her own wrongful or negligent conduct and her actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.

18. Plaintiffs are not entitled to rescind the mortgage under TILA because they have not offered to return the loan proceeds.

19. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

Defendants reserve the right to assert such additional Affirmative Defenses as they become known through the course of this matter.

Respectfully submitted,

CLARK HILL PLC

By: s/ David A. Breuch
   David A. Breuch (P45368)
   500 Woodward Avenue, Suite 3500
   Detroit, MI 48226-3435
   (313) 965-8300
   dbreuch@clarkhill.com
   Attorneys for Defendants Ameriquest Mortgage
   Company, AMC Mortgage Services, Inc., and
   Deutsche Bank National Trust Company as
   Trustee of Ameriquest Mortgage Securities, Inc.

Date: May 16, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2008, I electronically filed the foregoing papers with the

Clerk of the Court using the ECF System.

s/ David A. Breuch
David A. Breuch (P45368)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226-3435
(313) 965-8300
dbreuch@clarkhill.com
Attorneys for Defendants Ameriquest Mortgage
Company, AMC Mortgage Services, Inc., and
Deutsche Bank National Trust Company as Trustee
of Ameriquest Mortgage Securities, Inc.
